**RONG MING LI, Petitioner–Appellant,**

v.

**Alberto R. GONZALES,[1] Respondent–Appellee.**

**No. 03–41121–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as a respondent in this case.

Rong Ming Li, New York, NY, for Appellant, pro se.

Robert Clark Corrente, U.S. Attorney for the District of Rhode Island; Robin E. Feder, Assistant U.S. Attorney, Providence, Rhode Island, for Appellee.

PRESENT: MINER, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Rong Ming Li, *pro se,* petitions for review of a Board of Immigration Appeals ("BIA") opinion affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief through Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying procedural history and facts.

When the BIA rejects part of the basis of an IJ's decision, but affirms the holding in every other respect, we review the judgement of the IJ as modified by the BIA's decision. *Xue Hong Yang v. Gonzales,* 426 F.3d 520 (2d Cir.2005). In addition, where the BIA "adopts the decision of the IJ and ... supplements the IJ's decision ... we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005). Here, the BIA modified the IJ's opinion by overturning her finding that Petitioner was incredible because his testimony was implausible, but then upheld an adverse credibility determination for other reasons discussed by the IJ. Moreover, the BIA found additional reasons in the record to supplement the basis for the IJ's adverse credibility finding. Therefore, we review the IJ's decision as modified and supplemented by the BIA.

We review factual findings under the substantial evidence standard, overturning them only if a reasonable fact finder would be compelled to conclude the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Id.* at 74 (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks and citation omitted)). Inconsistent testimony generally bears a legitimate nexus to an

382

adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. Ashcroft*, 232 F.3d 279, 288 (2d Cir.2000).

 In this case, the IJ's and BIA's factual and credibility determinations were substantially supported by the record as a whole. The IJ's credibility determinations were supported by Petitioner's numerous inconsistent statements regarding his marital status. On at least three occasions, he identified himself as single despite his testimony that he was married in March 1998 in a traditional Chinese ceremony.

This finding was further supported by the BIA's conclusion that (1) there was a discrepancy between the identification numbers on the birth certificates of Petitioner, his wife and his son, (2) there was a discrepancy between the age of the father and mother listed on the birth certificate of Petitioner's son, and Petitioner's and his wife's actual ages according to their birth certificates, (3) although Petitioner testified that he hid at his uncle's house for several months, his wife and his parents stated in separate letters that he hid at the house of his wife's uncle, (4) there was inconsistency regarding the purpose and description of the December 1999 visit to his home by family planning officials, and (5) there were inconsistencies between Petitioner's description of his detention and his wife's account of the same event.

 Because of Petitioner's adverse credibility, he has failed to prove his eligibility for asylum. Additionally, because he has presented little evidence other than his incredible testimony to prove his eligibility for withholding of removal or relief under the CAT, he has also failed to show his eligibility for these forms of relief.

For the foregoing reasons, the petition for review is hereby denied.